IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC I. EISEN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-1624 |
| | ) | Judge Gary L. Lancaster |
| MARTIN HORN, Commissioner of | ) | Chief Magistrate Amy Reynolds Hay |
| the Pennsylvania Department | ) | |
| of Corrections; and | ) | |
| RAYMOND SOBINA, Warden, | ) | |
| State Correctional Institution | ) | |
| of Somerset, | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

On December 1, 2008, Petitioner, through counsel, filed a motion that purported to be filed under Fed.R.Civ.P. 60(b)(6), seeking to attack the District Court's denial of relief in the federal habeas proceedings.

Because Magistrate Judge Benson who was originally assigned to this case had left the bench, the case was assigned to now Chief Magistrate Judge Amy Reynolds Hay in accordance with 28 U.S.C. § 636(b)(1), and the then Local Rules 72.1.3 and 72.1.4, now Rules 72.C & D of the Local Civil Rules.

Chief Magistrate Judge Hay filed her thorough and well reasoned Report, recommending denial of the purported Rule 60(b) motion or, in the alternative, the grant of the motion, the reopening of the case and the denial, on the merits, of the motion to introduce evidence of the video taped interview. Dkt. [63]. Petitioner's counsel filed objections. Dkt. [64]. The Report is an adequate response to these objections and none of them bears mention save one.

Petitioner filed objections during the habeas proceedings, raising the fact that Magistrate Judge Benson's Report did not rule on the motion to introduce the videotape evidence. Chief Magistrate Judge Hay's Report correctly noted that in his objections to Magistrate Judge Benson's Report, Petitioner prominently raised this failure, in fact, it was the very first objection. Chief Magistrate Judge Hay's Report went on to correctly note that in considering the objections to Magistrate Judge Benson's Report, this Court ruled on the motion to introduce the videotape evidence sub silentio and denied it by entering an order that was inconsistent with the grant of the motion to introduce. Petitioner objects to Chief Magistrate Judge Hay's Report, arguing that

> However, the Motion to Introduce was presented to Magistrate Benson and not to this Court, and the Magistrate undeniably never ruled on it. While this Court stated in its April 2002 Memorandum Order that it had reviewed Eisen's Objections to Judge Benson's R & R, there is no indication whatsoever that Court actually considered Plaintiff's Motion to Introduce or ever viewed the videotape evidence, a copy of which had been filed with the Court. Based on these circumstances, Eisen respectfully requests this Court to reject the Magistrate's argument that August 2000 Motion to Introduce already has been decided.

Dkt. [64] at 11 to 12. Lest there be any mistake, the Court will be explicit here. As evidenced by the language of the Order of April 5, 2004, this Court conducted a "de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto." Dkt. [52]. Hence, this Court did consider the motion to introduce the videotape evidence, given that it was the first issue raised in the objections, and in considering those objections this Court did deny the motion to introduce when we overruled those objections. Although we did so sub silentio, the Court nevertheless did in fact deny the motion, essentially for the reasons stated in Chief Magistrate Judge Hay's Report. Accordingly, as correctly noted in Chief Magistrate Judge's Report, the entire factual premise of Petitioner's Rule 60(b) motion,

i.e., he never received a ruling on his motion to introduce the videotape evidence, is simply wrong.

In consideration of the foregoing, the following order is entered:

AND NOW, this 22 day of Sept , after de novo consideration of the Report and Recommendation and Petitioner's Objections thereto, and upon independent review of the record,

**IT IS HEREBY ORDERED** that the Petition purportedly filed pursuant to Fed.R.Civ.P. 60(b) **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [63]) of Chief Magistrate Judge Hay, filed September 2, 2009, is adopted as the opinion of the court, as augmented by this memorandum order.

**IT IS FURTHER ORDERED** that any pending motions are denied as MOOT. The Clerk is to mark the case closed.

Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his motion, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

The Honorable Gary L. Lancaster
United States District Court Judge

3

cc:    The Honorable Amy Reynolds Hay
        United States Chief Magistrate Judge


        All counsel of record via CM-ECF